NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **ASUSTEK COMPUTER, INC.,**
*Petitioner*

2023-122

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00622-ADA, Judge Alan D. Albright.

**ON PETITION**

Before DYK, REYNA, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

# O R D E R

ASUSTeK Computer, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its scheduling order and stay all proceedings on the merits pending that court's disposition of ASUSTeK's motion to transfer.

In June 2021, XR Communications, LLC filed this patent infringement suit against ASUSTeK.  After fact discovery opened, ASUSTeK moved for leave to file a motion to transfer, arguing intervening events giving rise to the request should excuse its failure to seek transfer earlier

when it could have done so without leave. In August 2022, the court granted ASUSTeK leave to file the motion, noting that the court will "resolve[] the transfer issue . . . before the *Markman* hearing." Appx379. As currently scheduled, briefing on the transfer motion is set to be completed on March 3, 2023; the *Markman* hearing will be held on March 23, 2023; and fact discovery will close in May 2023. Arguing that this schedule will improperly allow the district court to undertake important substantive steps before deciding transfer, ASUSTeK filed this petition.

A writ of mandamus is a "drastic and extraordinary remedy" reserved for "exceptional circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). A petitioner must show, among other things, that it has a "clear and indisputable" right to the writ. *Id.* at 380–81 (internal quotation marks and citations omitted). That demanding standard has not been met here. Here, the motion was filed more than a year after the complaint was filed and after discovery had already begun, and the district court has indicated that it will decide the transfer motion before the *Markman* hearing. Although ASUSTeK contends that we should stay the discovery deadlines while its transfer request is briefed and decided by the district court, we cannot say that ASUSTeK has shown a clear and undisputable right to entitlement to such relief under the circumstances.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 1, 2023                          /s/ Peter R. Marksteiner
    Date                               Peter R. Marksteiner
                                       Clerk of Court